## KNOWLES *vs.* LEE & LARKINS.

[ACTION ON OPEN ACCOUNT FOR GOODS SOLD AND DELIVERED.]

1. *Proof of book account.*—In an action on an open account for goods, wares and merchandise sold and delivered, the only evidence being the testimony of plaintiff's clerk, who stated, in substance, that the items in the account were charged to defendant, on plaintiff's books, in his (said clerk's) handwriting; that he would not have so charged them, if the goods had not been actually sold and delivered by him to defendant; and that, independently of the entries on the books, he had no recollection whatever of the sale and delivery of the goods,—the court may instruct the jury to find for the plaintiff, if they believe the evidence, for the amount of the account and interest thereon.

APPEAL from the Circuit Court of Coffee.

Tried before the Hon. JOHN GILL SHORTER.

THIS action was brought by Lee & Larkins, as the assignees of Pruitt & Cothran, a mercantile firm in the town of Elba, against Green B. Knowles; and was founded on an open account for $70 85, for goods, wares and merchandise sold and delivered to said defendant during the year 1855. A judgment by default was rendered against the defendant, but he appeared on the execution of the writ of inquiry, and contested the correctness of the account. "On the trial," as the bill of exceptions states, "the plaintiffs proved, by one Lee, that the goods mentioned in said account were charged to defendant, in the handwriting of witness, on the books of said Pruitt & Cothran; that he (witness) was at that time the clerk of said firm; that he would not have made said charge, if the goods had not been actually sold and delivered by him to said defendant; that he never charged any goods except what he himself sold; that, further than this, he had no recollection whatever of the sale and delivery of the goods; that his recollection was derived solely from the books, and from the fact that the entries would not have been made unless the goods were sold, and not from

the sale and delivery of the particular goods as independent facts; that he did not recollect such sale and delivery as independent facts, even after refreshing his memory by an inspection of the books ; and that said account was due on the 1st January, 1856. This being all the evidence in the case, the court charged the jury, that they must find for the plaintiffs, if they believed the evidence, for the amount of the account and interest from the time the same was shown to have been due." This charge, to which the defendant excepted, is the only matter assigned as error.

PUGH & BULLOCK, for appellant.

MARTIN, BALDWIN & SAYRE, *contra*.

STONE, J.—We think the charge of the court in this case is free from error. The witness had testified, that he was clerk of the firm of Pruitt & Cothran, and had charged all the goods for which appellant was sued, in his own handwriting; that he never charged any goods which he did not himself sell; and that he would not have made the charges, if he had not sold the goods. The truth of this evidence was referred to the jury. In referring the question of the credibility of this evidence, the court said to the jury, in effect, that if they found *the facts* to be as the witness had stated them, then the account was proved. If the jury were not satisfied that the witness was worthy of credit, or if they distrusted his memory, then they could not, upon his unaided testimony, *believe the evidence*. However much that body may have confided in his integrity, still, if from the manner of the witness, or the language he employed, they did not confide in the correctness of his memory, this would present a case where the jury neither could nor would believe the evidence. In other words, the evidence would fail to convince them that *the facts* existed, as the witness had stated them. On the other hand, if it be true that the witness charged each item composing this account, and that he made no charge save of goods sold by himself, then it is true and proved that each article of the account

was sold and delivered to the defendant. The evidence was in form unexceptionable.—Wright v. Bolling, 27 Ala. 259 ; Head v. Shaver, 9 Ala. 791.

Judgment affirmed.