# Cowles v. The State.

### Indictment for Fraudulent Exhibition of False Cotton Sample.

1. *Sufficiency of indictment.* — An indictment (under Rev. Code, § 3731) which alleges that the defendant "fraudulently exhibited a false sample of cotton, by means whereof one W. G. was injured," is sufficient.

2. *Proof of injury, or damage.* — To prove injury to the purchaser by the fraudulent exhibition of a false cotton sample, the difference in value between the cotton as delivered and that represented by the sample, at the time and place of sale, must be shown; if the purchaser shipped the cotton to Mobile, and there sold it at a small advance on the price paid by him, the prosecution cannot be allowed, for the purpose of showing injury or damage to him, to prove that the cost of transportation to Mobile was greater than this difference in price.

3. *When witness may testify from written memoranda, without personal recollection.* — A witness who, in the course of his duty or employment, made an entry of a transaction at the time it occurred, may testify in reference to it from his entry, although he has no personal recollection of the matter.

FROM the Circuit Court of Butler.

Tried before the Hon. P. O. HARPER.

The indictment in this case charged, that the defendant, Aaron D. Cowles, "fraudulently exhibited a false sample of cotton, by means whereof one William G. Harrison was injured." After conviction, the defendant moved in arrest of judgment, on account of the insufficiency of the indictment in the following particulars: "1st, that it does not describe with sufficient certainty and precision the ingredients which constitute the offence; 2d, that it does not state in what respect, or in what way, the sample was false; 3d, that it does not state to whom the sample was exhibited, nor that it was exhibited to any person whatever; 4th, that it does not state how, or in what way, William G. Harrison was injured by the exhibition of the false sample; and, 5th, that it is too vague, general, and indefinite in its terms, for any valid judgment to be pronounced thereon." The court overruled the motion in arrest, and rendered judgment for the fine ($50) imposed by the jury.

"On the trial," as the bill of exceptions states, "the evidence showed that, in the fall of 1871, said W. G. Harrison bought seven bales of cotton from the defendant, by the samples exhibited, which were alleged to have been false and fraudulently exhibited by him to said Harrison, and shipped said cotton to Mobile, as he had shipped other cotton purchased by him that season; and the State contended, that said Harrison had been injured thereby. The purchaser in Mobile bought said cotton, with full knowledge of its true condition, as bad cotton, at 18.5 cents per pound, which was more than said Harrison gave for it, he having given defendant 18.35 cents for it. The State asked one Hudson, a commission-mer-

chant from Mobile, who was on the stand as a witness, what was the cost at that time, to wit, in the fall of 1871, of shipping cotton from Greenville to Mobile, and selling it in that city. To this question the defendant objected. The prosecuting attorney then stated, that his object in asking the question was, to show that said Harrison was damaged by his purchase of said cotton from defendant, and to rebut the idea that, because he had sold it in Mobile for more than he had given for it in Greenville, he was not injured. The court overruled the objection, and allowed the question to be asked ; and the witness answered, that the expense at that time was about one and a half cents per pound. The defendant objected to this answer, and moved to exclude it from the jury ; but the court overruled his objection, and he excepted."

" In the further progress of the trial, it became material to ascertain the dates of the shipment of said cotton to Mobile. The State introduced one Wilson as a witness, who was the agent of the Mobile and Montgomery Railroad at Greenville, and who testified, that he had no recollection whatever of having shipped said cotton, or when it was shipped, but that his books showed the dates. He was then asked, if he had made the entries himself; and replied, that he had made them, and that they were in his handwriting, and were made at the date of the shipment, and that he could not have made them unless the cotton was in fact shipped as therein stated ; but he repeated, that he had no recollection whatever of having made said shipments." The court allowed the witness to state, against the defendant's objection, " that from the entries in his books, which he had in court, said cotton was shipped on the 11th October, 1871 ; " and to the admission of this evidence the defendant reserved an exception. The bill of exceptions further states, in this connection, that " said entries themselves were not offered in evidence, nor were they introduced in evidence, further or otherwise than that they were read by the witness from his books, and stated to the jury."

The rulings of the court on the evidence, and the overruling of the motion in arrest of judgment, are now assigned as error.

JUDGE & HOLTZCLAW, for the prisoner.

BEN. GARDNER, Attorney General, with HERBERT & BUELL, for the State.

B. F. SAFFOLD, J. — The statute under which the indictment was found declares, that " Any person, who fraudu-

[Johnson v. State.]

lently exhibits any false sample of any cotton, or of any other article or commodity, by means whereof any person is injured, must, on conviction, be fined not less than fifty dollars, and may also be imprisoned in the county jail, or sentenced to hard labor for the county, for not more than six months." The exhibition of a false sample of cotton is not made an offence; nor is such fraudulent exhibition so made, unless somebody is injured thereby. But the gist of the offence declared is the fraudulent exhibition. The statute does not confine it to the person intended to be injured by the offender, but embraces any one else whom his conduct may entrap. The indictment is sufficient.

2. The evidence in respect to the cost of sending cotton to Mobile, was irrelevant. The legal standard for ascertaining and measuring the damage, is the difference in value between the cotton as delivered and the quality as represented by the sample, at the place and date of sale. The sending of the cotton to Mobile, was a matter with which the accused had nothing to do. It was not a necessary or reasonable result of his fraud.

3. The testimony of Wilson, in respect to the date of shipment to Mobile, was properly admitted, under the authority of *Wright* v. *Bolling*, 27 Ala. 259.

The judgment is reversed, and the cause remanded.