# Weed *v.* Martin.

*Action for Money Paid through Mistake.*

1. *To what witness may testify* —A witness, testifying to the correctness of a credit entered by him on a note, can not be allowed to state that "he would not have put the credit on the note if he had not paid it."

APPEAL from the Circuit Court of Dale.
Tried before the Hon. JESSE M. CARMICHAEL.

HENRY L. MARTIN, for appellant.

SOMERVILLE, J.—The suit is for money paid through mistake by plaintiff to defendant. The case turns on the correctness of a credit placed on a note, on October 2d, 1882,

[Johnson v. Hughes.]

which.purported to be for $117.81.   The defendant testified, that the credit should have been for $17.81 only, and that this sum only had been paid.   The plaintiff introduced as a witness one Tobe Martin, one of the makers of the note, who swore that he himself entered the credit in controversy for *one hundred and seventeen* 81–100 dollars ($117.81), and that this was the amount he had paid on the note, at the time, in money and goods; and that he knew it had been paid. The plaintiff was permitted to ask the witness, "if he would have put the credit of $117.81 on said note, if he had not paid it?" and he answered that he would not.   To this evidence the defendant duly excepted.

The court erred in admitting this testimony of the witness.   It was but the expression of an opinion of what he would have done in a certain contingency—an act originating in a secret uncommunicated motive, which was not the legitimate subject of testimony.   The credit, moreover, may have originated in mistake, and not intentional dishonesty; and, in this aspect, the witness was allowed to testify that he would not have committed such a *mistake* as putting a credit of $117.81 on a note, when only $17.81 had been actually paid.

There is a class of cases, where a witness, in whose handwriting the items of an account are charged, is allowed to testify to the correctness of the transaction, although he remembered nothing as to the facts; as in *Wright v. Bolling*, 27 Ala. 259.   So, it is common for a witness to vouch for the accuracy or regularity of the execution of a conveyance, or other paper, verified by his known signature as an attesting witness, although he may not remember the facts attending the transaction.—2 Taylor's Ev. § 1412.   These cases rest on another principle, the present evidence not coming within their influence.

Reversed and remanded.