## WILLIAM H. GRUBEY

### v.

## THE NATIONAL BANK OF ILLINOIS.

*Filed at Ottawa May 14, 1890.*

1. EVIDENCE—*to prove a gambling transaction.* To prove that certain dealings of a party on the board of trade, through his broker, with third persons, were gambling contracts, the party was asked if the several transactions shown in a certain statement were in fact settled between such party and his broker : *Held,* that the question was properly disallowed, as the settlements between the party and his broker had no tendency to prove that the broker had, as agent, engaged in gambling transactions with third parties.

2. SAME—*hearsay.* Where one deals on the board of trade only through his broker, a question put to the former as a witness in his own behalf, calling for a statement of facts not within his personal knowledge, but only such facts as had been reported to him by his agent, is properly disallowed. In such case the broker should be called to testify to the facts.

3. ERROR—*in excluding evidence—cured by its subsequent admission.* The court refused to allow a party called as a witness in his own behalf, to answer a certain question, but allowed him to answer another question which embraced all matters contained in the former one : *Held,* that if the refusal to allow the witness to answer the first question was error, it did no harm.

APPEAL from the Appellate Court for the First District ;— heard in that court on appeal from the Superior Court of Cook county ; the Hon. ELLIOTT ANTHONY, Judge, presiding.

Mr. FRANCIS A. RIDDLE, and Mr. JOHN S. STEVENS, for the appellant :

In order to show the intention of the parties to this particular transaction, it was competent to show how they were in the habit of dealing together in like transactions prior to the one in controversy. *Phillips* v. *Roberts,* 90 Ill. 493 ; *Doan* v. *Duncan,* 17 id. 272 ; *Colderwood* v. *McCrea,* 11 Ill. App. 543.

Appellant insists, that having been permitted to testify that the broker never called upon him to receive, deliver or pay for

any of the grain, he should have been allowed to answer this question, immediately following : "How were, if you know, all the several transactions shown in these statements in fact settled between you and your broker ?"

The assignment of a note based upon a gambling consideration does not in any manner affect the maker's defense. Crim. Code, sec. 131 ; *Mallett* v. *Butcher,* 41 Ill. 382 ; *Chapin* v. *Dake,* 57 id. 296 ; *Tenney* v. *Foote,* 4 Ill. App. 594 ; *Pearce* v. *Foote,* 113 Ill. 228.

Mr. MATTHEW P. BRADY, for the appellee :

It was shown by appellant's testimony that all the business he had on the board of trade was transacted for him by Henrotin, and that personally he had no knowledge of it, and gave it no attention. It was therefore immaterial to inquire whether or not appellant had received any grain that had been bought for him,—delivery to his broker would have been sufficient.

The settlement between appellant and his broker was immaterial on the question of the character of the dealing with third parties.

Appellant having no personal knowledge of the dealings, could not testify as to them. The defense of the principal can not be proven by the statements made to him by his agent. *Primm* v. *Legg,* 67 Ill. 500 ; *Olive* v. *Hester,* 63 Tex. 190.

Per CURIAM : This was an action of assumpsit, brought by the National Bank of Illinois, at Chicago, against William H. Grubey, on a promissory note, as follows :

"CHICAGO, ILL., *May 9, 1887.*

"Sixty days after date I promise to pay, to the order of myself, $1000, payable at 113 S. Clark. Value received, with six per cent per annum until paid.

(Signed.)                 WM. H. GRUBEY."

Indorsed : "Pay to the order of the National Bank of Illinois, at Chicago.—Wm. H. Grubey."

The declaration contained one special count on the note, and also the common counts. The defendant pleaded the general issue, and when the cause was called for trial, plaintiff entered a *nolle prosequi* as to the common counts. A trial was had before a jury, resulting in a judgment in favor of plaintiff for the amount of the note, and interest, which, on appeal, was affirmed in the Appellate Court.

On the trial in the Superior Court, the plaintiff read in evidence the note described in the declaration, and the defendant claimed, as a defense, that the note was given for gambling transactions on the Board of Trade, and was therefore void. No question is raised in the argument in regard to the ruling of the court on instructions, but it is claimed that the court erred in refusing certain evidence offered by the defendant, and this is the only ground relied upon to reverse the judgment.

The defendant was a witness in his own behalf, and he was asked whether or not any grain bought by him, as shown by certain statements, was received by or delivered to him. The court refused to allow the witness to answer the question, and this is the first error complained of. It will not be necessary to stop to inquire whether the court erred in this regard or not, as the next question propounded to the witness, which was answered, substantially embraced all contained in the other one, and if the court erred, the error did no harm. It was as follows: "I will ask you whether or not, during the time covered by these statements that you have seen, you were called on by Mr. Henrotin, as your broker, to receive or deliver or pay for any grain?" Answer, "No, sir."

It is next claimed that the court erred in refusing to allow the witness to answer the following question: "Now, were the several transactions shown in these statements in fact settled between you and your broker?" The defense relied upon was that the transactions were gambling contracts. The statements alluded to in the question show, as well as does defendant's testimony, that the transactions were between the defendant,

6—133 ILL.

through his broker, and third parties; and the Appellate Court held, and we think properly, that "what settlements were made between defendant and Henrotin were immaterial, and had no tendency to prove that Henrotin had, as agent for the defendant, engaged in gambling transactions with those parties."

It is also argued that the trial court erred in sustaining appellee's objection to the question, "Now, I will ask you, Mr. Grubey, whether or not the parties to whom these privileges were sold, exercised the option given them, and 'put' and 'called' the wheat?" The witness stated, in answer to a question put by the court, that he did not do any of the business on the Board of Trade himself, and, of course, could not, of his own knowledge, answer the question. What may have been reported to him by his broker was not competent evidence. The broker himself was a competent witness, and should have been called if the defendant desired his evidence.

Whether the note in question was given for gambling transactions on the Board of Trade was purely a question of fact, and, so far as appears, the question was fairly submitted to the jury, or, at all events, no such errors intervened on the trial, in the ruling on questions of evidence, as would authorize a reversal of the judgment.

The judgment will be affirmed.      *Judgment affirmed.*