F. N. Smith, Appellee, v. The Western Union Telegraph Company, Appellant.

Gen. No. 5304.

DAMAGES—*what cannot be recovered for failure to deliver telegram*. Damages which are remote, contingent, problematical, conjectural or speculative cannot be awarded for failure to deliver a telegram.

Assumpsit. Appeal from the Circuit Court of Livingston county; the Hon. G. W. PATTON, Judge, presiding. Heard in this court at the October term, 1909. Reversed and remanded. Opinion filed March 11, 1910.

GEORGE H. FEARONS, HENRY D. ESTABROOK and A. C. NORTON, for appellant.

Z. F. YOST, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

F. N. Smith, appellee, resided at Pontiac, Illinois. His father, a man about seventy years of age, had been sick for some time at his home in Walden, New York, and appellee had been to visit him. On March 21, 1905, a week or ten days after his return home, appellee wishing to ascertain his father's condition, delivered to the Western Union Telegraph Company, appellant, a telegram addressed to his father's physician, which read: "Pontiac, Illinois, 3-21-05. Dr. Brownell, Walden, N. Y. What is father's condition and chances for recovery? Wire collect. F. N. Smith." At Walden, New York, the telegram was

delivered to Dr. Moffett instead of Dr. Brownell, and Smith, not receiving a reply, without making further effort to secure the information, went to Walden at considerable expense, and found his father's condition unchanged. He brought this suit in *assumpsit* in the Circuit Court of Livingston county, to recover damages claimed to have been sustained by reason of appellant's failure to deliver the telegram. The declaration as originally filed contained the common counts, and later two special counts were added. The first special count averred the negligent failure to transmit and deliver the telegram, by reason of which appellee was injured in his feelings, and went to Walden at great expense and damage to his business. The second special count was substantially like the first, but added that the telegram was delivered to Dr. Moffett and not Dr. Brownell. The plea of *non-assumpsit* was filed, and it was stipulated that a plea of tender be considered in. At the close of the evidence the court refused appellant's instruction, and on the hypothesis that appellee had established his case as laid in the declaration by a preponderance of the evidence, instructed the jury for appellee that the tender was insufficient and that appellee's measure of recovery was what he expended for railroad fares and sleeping-car fares and livery hire in going to Walden and returning to Pontiac, and that nothing could be allowed for mental worry. Smith obtained a verdict and judgment for $73, and the company appeals.

It is admitted that appellee paid fifty cents for the transmission and delivery of the telegram, and that appellant tendered a dollar and costs of suit and kept the tender good by bringing it into court. The non-delivery of the telegram, and that appellee expended money in making the trip to Walden and return, is not disputed. Dr. Brownell testified that he did not receive a telegram from appellee March 21, 1905, but received one from him about ten days thereafter

through Dr. Moffett; that had he received the telegram, his answer to it would have been, "No change in father's condition." Appellee claims that had he received such an answer to his telegram he would not have made the trip to Walden. There is little doubt that he now thinks that he would not have gone, but it is exceedingly speculative as a basis of damages to say that he would not have done so. It might have been that he would not have considered an unchanged condition a good indication at his father's advanced age, and would have gone just as he did do. "The sender of a telegram is entitled to such damages as are the natural and proximate consequence of the company's negligence." Pegram v. Western Union Telegraph Company, 100 N. C. 28; Thompson's Commentaries on the Law of Negligence, 2457. "The damages arising from the non-delivery of a message asking for information falls within the category of remote, contingent or problematical damages * * * since the parties seeking the information might or might not have acted upon it, if the message had been answered and the information had been correctly given." Thompson's Commentaries on the Law of Negligence, 2458; Baldwin v. United States Tel. Co., 45 N. Y. 744. As we everywhere meet the rule that damages must not be contingent and conjectural, to sustain this judgment there must be a certainty that had the telegram been delivered, appellee would not have gone to see his father, and since it cannot be known what appellee would or would not have done had he received the answer to his telegram which Dr. Brownell says he would have sent had the message been delivered to him, we hold that appellee is not entitled to recover as damages the expenses of his trip to and from Walden.

Appellee had a sister and brother-in-law residing at Walden with whom he could have communicated by telegraph or he could have sent another message to Dr. Brownell, and doubtless would have obtained the

information he wished and avoided the expense of the journey, but he made no further effort to inform himself concerning his father's condition before going to Walden. If a party has it in his power to take measures by which his loss may be less aggravated, this will be expected of him. Miller v. Mariner's Church, 20 Am. Dec. 341. "The party who is affected by the negligence of the company must exercise reasonable diligence to avert or to minimize the harmful consequence of the company's neglect, and damages which might have been prevented by the exercise of ordinary care can form no ground for recovery." Am. & Eng. Enc. of Law, vol. 27, page 1033, 2d ed. "If there are other means of communication available to the plaintiff after he becomes aware that his efforts through the defendant company are fruitless, and he knowingly neglects to avail himself of them, he cannot recover for damages which might have been prevented by the use of such other means of communication." Am. & Eng. Enc. of Law, vol. 27, page 1034, 2d ed.

The court therefore erred in not instructing the jury as requested by appellant that the tender was sufficient, and in instructing them for appellee that the measure of damages was the amount of money expended by appellee for railroad fare and sleeping-car fare and livery hire in going to Walden and returning to Pontiac.

If the tender is still kept good, appellant is entitled to a judgment on the plea of tender, but as we do not know that fact, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*