## John Pfiester, Appellee, v. Western Union Telegraph Company, Appellant.

### Gen. No. 22,057.

1. TELEGRAPHS AND TELEPHONES, § 31*—*when evidence as to damages is inadmissible as being too speculative.* In an action to recover damages for failure to deliver a telegram offering to pay the plaintiff a certain salary, *held* that the plaintiff's testimony that had the telegram been delivered he would have accepted such offer was too speculative and conjectural to form the basis of a judgment for damages, and was inadmissible.

2. TELEGRAPHS AND TELEPHONES, § 37*—*when evidence is insufficient to show that sender would have accepted offer of employment if telegram had been promptly delivered.* In an action to recover damages because of failure so to deliver the telegram, evidence *held* insufficient to support plaintiff's contention that he would have accepted a certain telegraphic offer of employment had the telegram been delivered in due time.

Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1915. Reversed. Opinion filed February 9, 1917.

WEST & ECKHART, for appellant.

GEORGE P. MERRICK, for appellee.

MR. JUSTICE MCDONALD delivered the opinion of the court.

John Pfiester, plaintiff below, recovered a judgment for $2,000 against appellant, the Western Union Telegraph Company, for failure to deliver to him a certain telegram.

Plaintiff was a professional baseball player, employed by the Chicago League Ball Club. On May 3, 1912, he was notified by letter that his services were no longer required by that club, and that they had been

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

released to the Milwaukee club of the American Asso-
ciation, and directed that plaintiff report.to the latter
club at once for duty. Upon receipt thereof, plaintiff
went to the Chicago office of the defendant company
and sent the following telegram to the Milwaukee club:

"Chicago, Ill., May 3, 1912.

"Mr. H. Duffy,
    Ball Park,
      Milwaukee, Wis.
  "Will pitch for you at three thousand per season.
           JACK PFIESTER,
                4525 Washington Blvd.,
                        Chicago, Ill.";

to which the Milwaukee Club replied as follows:

"Milwaukee, Wis., May 3, 1912.

"Jack Pfiester,
    4525 Washington Blvd.,
        Chicago, Ill.
  Will give you three hundred per month.
                  HUGH DUFFY."

Defendant, in transmitting the latter message to Chi-
cago, erroneously gave plaintiff's address as 4526
Washington Boulevard, and owing to this error the
said telegram was not delivered.

It appears from plaintiff's testimony that on May
14, 1912, he inquired at the Chicago office of the de-
fendant regarding the telegram from the Milwaukee
club which he was expecting, and was informed that a
telegram had been sent him from Milwaukee which,
however, had not been delivered, and that plaintiff
might see a copy thereof at the Cincinnati office of the
defendant. Why this telegram was sent to the Cincin-
nati office is not disclosed by the record. It further
appears from plaintiff's testimony that on the follow-
ing day (May 15th) he went to Cincinnati to interview
the president of the National Commission of organized
baseball, and, that while there, called at the office of

defendant, where he was shown a copy of the telegram in question.

It will be seen, by reference to the undelivered telegram hereinabove quoted, that the Milwaukee club rejected plaintiff's offer to pitch "at three thousand per season," and made a counter proposition to pay him three hundred dollars per month, which would have amounted to considerably less than the figure named in plaintiff's telegram. It was plaintiff's contention that he would have accepted this counter offer had he received it, and, over objection, he was permitted so to testify. His claim for damages rests entirely upon such contention, and without such testimony on his part there was no proof of any damage.

While the admissibility of evidence of this character has never been directly passed upon by our Supreme Court, yet both reason and the weight of authority reject it as being too speculative and conjectural to form the basis of a judgment for damages. It was plaintiff's mere conclusion, based on a condition which did not exist at the time, and arrived at in the light of events which had subsequently transpired. The evidence was therefore inadmissible. *Smith v. Western U. Tel. Co.*, 154 Ill. App. 499; *Tully v. Western U. Tel. Co.*, 141 Ill. App. 312; *Western U. Tel. Co. v. Ferguson*, 157 Ind. 64.

But plaintiff's testimony in this regard is refuted by his own admitted conduct, for the evidence shows that, even after having learned on May 15th of the offer in question, he made no effort to act thereon until several weeks later. The notice of May 3rd from the Chicago club expressly stated that the manager of the Milwaukee club desired him to report for duty at once. With this notice was inclosed a check to cover plaintiff's railroad fare to Milwaukee. The baseball season was already under way at this time, and the Milwaukee

club had contracted with the Chicago club for plaintiff's services for the season. Plaintiff entered into telegraphic negotiations with the Milwaukee club on the very day he received notice of his release by the Chicago club. There can be no question that plaintiff realized the necessity for prompt action. Nevertheless, he waited from May 15th until sometime in June before acting upon the offer in question. Such conduct does not comport with plaintiff's assertion that he would have accepted said offer had he received the telegram in due time. On the contrary, it bespeaks the utmost indifference to the situation, and can be reconciled only with the theory that plaintiff for the first time gave serious consideration to the offer of the Milwaukee club when he reported there in June. His own evidence, therefore, tended to show that he would not have accepted the offer in question on May 3rd, had he received the telegram, conveying it, in due time. On this state of the record, it is obvious that the trial court erred in denying defendant's motion for a directed verdict. Hence, the judgment will be reversed.

*Reversed.*